UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT LOPEZ,

                Plaintiff,

v.                                             9:05-CV-1568
                                              (NAM/GHL)
LESTER N. WRIGHT, Chief Medical Officer,
DOCTOR RAMINENI, Doctor at Mid-State
Correctional Facility; and GLENN S. GOORD,
Commissioner of N.Y.S. D.O.C.S.,

                Defendants.
_____

APPEARANCES:                                   OF COUNSEL:

ROBERT LOPEZ, 03-A-1561
   Plaintiff, *Pro Se*
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403

HON. ANDREW M. CUOMO                   MARIA MORAN, ESQ.
Attorney General of the State of New York      Assistant Attorney General
   Counsel for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2455

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This action has been referred to me for Report and Recommendation by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to Local Rule 72.3(c) and 28 U.S.C. § 636(b). Plaintiff, an inmate at Mid-State Correctional Facility ("Mid-State C.F."), commenced this *pro se* action pursuant to 42 U.S.C. § 1983. Generally, Plaintiff alleges that three employees of the New York State Department of Correctional Services ("DOCS") violated

his rights under the Eighth and Fourteenth Amendments when they were deliberately indifferent to his serious medical needs. (Dkt. No. 1, ¶¶ 6-7 [Plf.'s Compl.].) More specifically, Plaintiff alleges that Mid-State C.F. Doctor Subbarao Ramineni, DOCS Chief Medical Officer Lester N. Wright, and DOCS Commissioner Glenn S. Goord ("Defendants") intentionally and callously refused to treat Plaintiff's Hepatitis-C condition for an unidentified period of time between 2001 and 2005, causing him to develop both cirrhosis of the liver and liver cancer, and causing him to need a liver transplant. (*Id*.) Currently pending is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 7.) Plaintiff has not opposed the motion, despite having been advised of the possible consequences of failing to do so, and having been granted an extension of time in which to do so. (Dkt. No. 12.) For the reasons that follow, I recommend that Defendants' motion be granted.

**I.     DISCUSSION**

**A.     Effect of Plaintiff's Failure to Respond to Motion**

"Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting . . . of the motion . . . unless good cause is shown." N.D.N.Y. L.R. 7.1(b)(3). Here, Defendants' motion to dismiss has been properly filed, Plaintiff has failed to oppose it (despite being warned of the possible consequences of that failure), and Plaintiff has failed to show good cause why his failure to oppose Defendants' motion should not be deemed as consent to the granting of the motion. Therefore, I must determine whether Defendants have met

2

their burden to demonstrate entitlement to dismissal under Rule 12(b)(6).[1]

Finally, it is important to note that a review of whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1(b)(3) is a more limited endeavor than a review of a contested motion to dismiss. *See*, *e.g.*, *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before an unopposed motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious*") (emphasis added) (citations omitted); *Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]).[2]

B.  Review of Merits of Defendants' Motion

1.  Law Generally

A defendant may move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To prevail on such a motion, the defendant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v.*

---

[1] *See also* Fed. R. Civ. P. 7(b)(1) (requiring motions to, *inter alia*, "state with particularity the grounds therefor").

[2] *See also Wilmer v. Torian*, No. 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers), *adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*, *Carter v. Superintendent Montello*, No. 95-CV-989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

*Gibson*, 355 U.S. 41, 45-46 (1957) (citations omitted).[3]  A defendant may base this motion on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Rule 8(a)(2);[4] or (2) a challenge to the legal cognizability of the claim.[5]

Rule 8(a)(2) requires that a pleading include "a short and plain statement of the claim

---

[3]  *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.") (internal quotations and citation omitted).

[4]  *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") (citations omitted); *Princeton Indus., Inc. v. Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under Fed. R. Civ. P. 12(b)(6) tests the formal legal sufficiency of the complaint, determining whether the complaint has conformed to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain statement that the pleader is entitled to relief.'").

[5]  *See Swierkiewicz*, 534 U.S. at 514 ("These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest. . . .  In addition, they state claims upon which relief could be granted under Title VII and the ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) ("Of course, none of this is to say that a court should hesitate to dismiss a complaint when the plaintiff's allegation . . . fails as a matter of law.") (citation omitted); *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 379 F. Supp.2d 348, 370 (S.D.N.Y. 2005) ("Although Rule 8 does not require plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim.") (citation omitted); *Util. Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, at *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]); *accord*, *Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-102 (E.D.N.Y. 2004); *Tangorre v. Mako's, Inc.*, 01 Civ. 4430, 2002 U.S. Dist. LEXIS 1658, at *6-7 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion--one aimed at the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the claims).

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a)(2) does not require a pleading to state the elements of a prima facie case,[6] it does require the pleading to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005) (holding that the complaint failed to meet this test) (quoting *Conley*, 355 U.S. at 47).[7] The purpose of this rule is to "facilitate a proper decision on the merits." *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (quoting *Conley*, 355 U.S. at 48). A complaint that fails to comply with this rule "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, C.J.), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion).[8]

---

[6] *See Swierkiewicz*, 534 U.S. at 511-512, 515.

[7] *See also Swierkiewicz*, 534 U.S. at 512 (quoting *Conley*, 355 U.S. at 47); *Leathernman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley*, 355 U.S. at 47).

[8] Consistent with the Second Circuit's application of § 0.23 of the Rules of the U.S. Court of Appeals for the Second Circuit, I cite this unpublished table opinion, not as precedential authority, but merely to show the case's subsequent history. *See, e.g.*, *Photopaint Technol., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (citing, for similar purpose, unpublished table opinion of *Gronager v. Gilmore Sec. & Co.*, 104 F.3d 355 [2d Cir. 1996]); *U.S. v. Casado*, 303 F.3d 440, 449 n.5 (2d Cir. 2002) (citing, for similar purpose, unpublished table opinion of *U.S. v. Terry*, 927 F.2d 593 [2d Cir. 1991]); *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 114 (2d Cir. 2002) (citing, for similar purpose, unpublished table opinion of *Zitz v. Pereira*, 225 F.3d 646 [2d Cir. 2000]); *John Hancock Life Ins. Co. v. Wilson*, 254 F.3d 48, 57 (2d Cir. 2001) (citing, for similar purpose, unpublished table opinion of *Herman Miller, Inc. v. Worth Capitol*, 173 F.3d 844 [2d Cir. 1999]); *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226 (2d Cir. 2000) (citing, for similar purpose, unpublished table opinion of *St. Charles Cable TV, Inc. v. Eagle Comtronics, Inc.*, 895 F.2d 1410 [2d Cir. 1989]); *Name.Space, Inc. v. Network Solutions, Inc.*, 202 F.3d 573, 586 (2d Cir. 2000) (citing, for similar purpose, unpublished table opinion of *Planned Parenthood Fed'n of Am. v. Bucci*, 152 F.3d 920 [2d Cir.

The Supreme Court has characterized this pleading requirement under Rule 8(a)(2) as "simplified" and "liberal," and has rejected judicially established pleading requirements that exceed this liberal requirement. *See Swierkiewicz*, 534 U.S. at 513-514 (noting that "Rule 8(a)(2)'s simplified pleading standard applies to all civil actions, with limited exceptions [including] averments of fraud or mistake."). However, even this liberal notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003); *see, e.g.*, *Dura Pharm.*, 125 S. Ct. at 1634-1635 (pleading did not meet Rule 8[a][2]'s liberal requirement); *accord*, *Christopher v. Harbury*, 536 U.S. 403, 416-422 (2002), *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234-235 (2d Cir. 2004), *Gmurzynska v. Hutton*, 355 F.3d 206, 208-209 (2d Cir. 2004).[9]

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (affirming grant of motion to dismiss) (citation omitted). "This standard is applied with even greater force where the

---

1998]).

[9] Several other decisions exist from the Second Circuit affirming the Rule 12(b)(6) dismissal of a complaint due to its insufficiency under Rule 8(a)(2) after *Swierkiewicz*. *See, e.g.*, *Johnson v. U.S.*, No. 03-6054, 2003 WL 22849896, at *1 (2d Cir. Dec. 2, 2003) (relying on pre-*Swierkiewicz* decision by the Second Circuit applying Rule 8[a] and Rule 12[b][6]); *Salvador v. Adirondack Park Agency of the State of N.Y.*, No. 01-7539, 2002 WL 741835, at *5 (2d Cir. Apr. 26, 2002) (affirming pre-*Swierkiewicz* decision from Northern District of New York interpreting Rule 8[a][2]). Although these decisions are not themselves precedential authority, *see* Rules of the U.S. Court of Appeals for the Second Circuit, § 0.23, I cite them because they clearly acknowledge the continued precedential effect, after *Swierkiewicz*, of cases from within the Second Circuit interpreting Rules 12(b)(6) and 8(a)(2). *See Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003) (relying on summary affirmances because "they clearly acknowledge the continued precedential effect" of *Domond v. INS*, 244 F.3d 81 [2d Cir. 2001], after that case was "implicitly overruled by the Supreme Court" in *INS v. St. Cyr*, 533 U.S. 289 [2001]).

plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Hernandez*, 18 F.3d at 136 (citation omitted).[10]  Indeed, "courts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (finding that plaintiff's conclusory allegations of a due process violation were insufficient) (internal quotation and citation omitted).[11]

Finally, when addressing a *pro se* complaint, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted).[12]  Of course, an opportunity to replead should be denied where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it." *Cuoco*, 222 F.3d at 112 (finding that repleading would be futile) (citation omitted); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice) (citation omitted).

---

[10]   *See also Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) (affirming dismissal under Rule 12[b][6]) (internal quotations and citation omitted).

[11]   Of course, the liberal standard accorded to *pro se* pleadings "is not without limits, and all normal rules of pleading are not absolutely suspended." *Stinson v. Sheriff's Dep't of Sullivan Cty.*, 499 F. Supp. 259, 262 & n.9 (S.D.N.Y. 1980) (citations omitted), *accord*, *Gil v. Vogilano*, 131 F. Supp.2d 486, 491 (S.D.N.Y. 2001).

[12]   *See also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

## 2. Application of Law

After thoroughly reviewing Defendants' motion papers (and liberally construing Plaintiff's *pro se* civil rights complaint), I have concluded that Defendants' motion to dismiss is at the very least "facially meritorious."[13] Therefore, Plaintiff is deemed to have consented to that motion by failing to oppose it, under Local Rule 7.1(b)(3), and Defendants' motion may be granted on that ground alone. However, even if I were to treat Defendants' motion as contested, I would conclude that it has merit.

Specifically, Defendants are correct that Plaintiff's allegations against Defendants Goord and Wright fail to allege any facts indicating that those two Defendants (both of whom are alleged to have been *supervisors* during the time in question) were personally involved in the constitutional violations alleged. (Dkt. No. 7, Part 2 at 2-4 [Defs.' Mem. of Law].) While it does not appear Defendant Ramineni is alleged to have been a "supervisor" during the time in question, Plaintiff's allegations are simply too vague to allege facts indicating that Defendant Ramineni was personally involved in the constitutional violations alleged. For example, the crux of Plaintiff's Complaint is conspicuously absent of any reference to Defendant Ramineni:

---

[13] *See Hernandez*, 2003 U.S. Dist. LEXIS 1625 at *8; *see also supra* Part I.A. of this Report-Recommendation (describing legal standard when deciding whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1[b][3]).

> The Plaintiff [has] been incarcerated since the year of 2001, and arrived in the New York State[] [D]ept. of Corrections in 2003. The Plaintiff made known to the State['s] prison medical authorities his condition of Hepatitis-C and requested the necessary treatment for his condition[.] [I]t was related to the plaintiff by medical doctors at several state facilities that his condition of Hepatis-C was not serious enough to warrant treatment and that he would be okay[.] [T]he Plaintiff had faith in the doctors and as a direct result of being denied treatment, the Plaintiff's condition has progressed to . . . 'cirrohis' [sic] and cancer of the liver[.] [A]t this point only a transplant may save [him].

(Dkt. No. 1, ¶ 6 [Plf.'s Compl.].)

Moreover, Defendants are correct that Plaintiff's Complaint should be dismissed on the alternative ground that Plaintiff has failed to allege facts indicating that he exhausted his administrative remedies before filing suit, as required by the Prison Litigation Reform Act. (Dkt. No. 7, Part 2 at 4 [Defs.' Mem. of Law].) In particular, I note that Plaintiff acknowledges in his Complaint that, although there was a prisoner grievance procedure at Mid-State C.F., he did not present the facts relating to his Complaint to this grievance program prior to filing suit. (Dkt. No. 1, ¶¶ 4[a], 4[b].) Plaintiff's explanation for not presenting the aforementioned facts is that he "felt it was not necessary, because he was told by doctors that he was alright [sic] and could live with his condition." (*Id*. at ¶ 4[b].) I liberally construe this allegation as implicitly claiming that he was somehow duped by doctors into not filing a grievance. The rather obvious problem with this allegation is that it does not contain any facts indicating that, by the time he learned that he could not in fact live with his condition, the time period for filing a grievance had somehow expired.

I note further that a subsequent allegation by Plaintiff appears to reveal another reason (or perhaps the real reason) for his not grieving the matter before filing suit–"[Having been]

9

diagnosed as having developed Cirrohis [sic] and cancer of the liver,] [Plaintiff] understands it to be too late to complain further." (*Id*. at ¶ 4[c].) While I sincerely sympathize with Plaintiff (if his medical condition is as he alleges it to be), I do not understand a prisoner's own *perception* of a medical exigency to constitute a "special circumstance" justifying the prisoner's failure to comply with administrative procedural requirements.[14] *See*, *e.g.*, *Tackman v. Goord*, 99-CV-0438, 2005 Wl 2347111, at *31 (W.D.N.Y. Sept. 26, 2005) (rejecting prisoner's argument that existence of "exigency" constituted a "special circumstance" excusing prisoner's failure to exhaust his administrative remedies). In addition, while this fact plays no role in my conclusion, I do not understand how Plaintiff's asserted explanation could possibly have been genuine, given that a federal court obviously takes longer to decide a claim than does a prison grievance program.

For all of these reasons, I recommend that the Court dismiss Plaintiff's Complaint for failure to state a claim. The only question that remains is whether that dismissal should be with or without prejudice. As explained above, generally, when addressing a *pro se* complaint, a

---

[14] In August of 2004, the Second Circuit held that a three-part inquiry is appropriate where a defendant contends that a prisoner has failed to exhaust his available administrative remedies, as required by the PLRA. *See Hemphill v. State of New York*, 380 F.3d 680, 686, 691 (2d Cir. 2005). First, "the court must ask whether [the] administrative remedies [not pursued by the prisoner] were in fact 'available' to the prisoner." *Hemphill*, 380 F.3d at 686 (citation omitted). Second, if those remedies were available, "the court should . . . inquire as to whether [some or all of] the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it . . . or whether the defendants' own actions inhibiting the [prisoner's] exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense." *Id.* (citations omitted). Third, if the remedies were available and some of the defendants did not forfeit, and were not estopped from raising, the non-exhaustion defense, "the Court should consider whether 'special circumstances' have been plausibly alleged that justify the prisoner's failure to comply with the administrative procedural requirements." *Id*. (citations and internal quotations omitted).


district court should not dismiss with prejudice when a liberal reading of the complaint gives any indication that a valid claim might be stated. *See*, *supra*, *Cuoco*, 222 F.3d at 112; *Cortec Indus., Inc.*, 949 F.2d at 48. Because I can conceive of circumstances in which Plaintiff might be able to allege facts indicating the personal involvement of Defendants, and circumstances in which Plaintiff might be excused from having to exhaust his administrative remedies (or in which he might still exhaust his administrative remedies), I recommend that the dismissal of Plaintiff's Complaint be without prejudice.

**ACCORDINGLY**, for the reasons stated above, it is

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 7) be **GRANTED**, and that the dismissal of Plaintiff's Complaint should be **WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 10, 2007
      Syracuse, New York

George H. Lowe
United States Magistrate Judge